# United States District Court

___Southern___ DISTRICT OF ___New York___

John Carello

v.

The City of New Rochelle, The New Rochelle Police Department, P.O. George Rosenbergen and P.O. John/Jane Does

SUMMONS IN A CIVIL CASE

CASE NUMBER: **07 CV. 2914**

BRIEANT

TO: (Name and address of defendant)

The City of New Rochelle - 515 North Ave, New Rochelle NY 10801
New Rochelle Police Department - 475 North Ave, New Rochelle NY 10801
P.O. George Rosenbergen - 475 North Ave, New Rochelle NY 10801
P.O. John/Jane Does - 475 North Ave, New Rochelle, NY 10801

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

McKenna McGowan LLP
111 Church Street
White Plains, NY 10661

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

EXHIBIT

**J. MICHAEL McMAHON**

CLERK

DATE  APR 11 2007

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| JOHN J. CARELLO,<br><br>　　　　　　　Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW ROCHELLE, THE NEW ROCHELLE POLICE DEPARTMENT, P.O. GEORGE ROSENBERGEN, AND P.O. JOHN/JANE DOES<br><br>　　　　　　　Defendants. | Index No.:<br>**SUMMONS**<br><br>The basis for Jurisdiction is a violation of the plaintiff's Federal Civil Rights<br><br>The basis for Venue is the addresses of the parties |

------------------------------------------------------------x

To the above-named defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: February 27, 2007
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Matthew J. McGowan, Esq.
　　　　　　　　　　　　　　　　　　　　MCKENNA MCGOWAN LLP
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff, John Carello
　　　　　　　　　　　　　　　　　　　　111 Church Street
　　　　　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　　　　　(914) 686-0500

Defendants' Addresses:
The City of New Rochelle
515 North Avenue
New Rochelle, New York 10801

New Rochelle Police Department, P.O. George Rosenbergen and P.O. John/Jane Does
475 North Avenue
New Rochelle, New York 10801

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN CARELLO,

                Plaintiff,

-against-

THE CITY OF NEW ROCHELLE, THE NEW ROCHELLE
POLICE DEPARTMENT, P.O. GEORGE ROSENBERGEN,
AND P.O. JOHN/JANE DOES,

                Defendants.
-----------------------------------------------------------x

Index-No.:

VERIFIED
COMPLAINT

07 CIV. 2914

BRIEANT

    Plaintiff, JOHN CARELLO, by and through his attorneys, McKenna McGowan LLP, complaining of defendants, upon information and belief, alleges that:

### NATURE OF THE ACTION

1. The within action arises pursuant to the Constitution and Laws of the United States of America, the Civil Rights Laws of the United States, 42 U.S.C. § 1983, the Human Rights Laws of the State of New York and the Common Law of the State of New York.

### THE PARTIES

2. Plaintiff, John Carello, is a resident of the State of New York, County of Westchester, Village of Scarsdale, and at all relevant times to the allegations of this Complaint was a resident of the State of New York, County of Westchester and a citizen of the United States of America.

3. At all relevant times herein, defendants P.O. George Rosenbergen and P.O. John/Jane Doe(s) were police officers employed by the New Rochelle Police Department to perform duties in the City of New Rochelle. At all relevant times P.O.

George Rosenbergen and P.O. John/Jane Doe(s) were acting in such capacity as the agent, servant, and employee of the defendants New Rochelle Police Department and The City of New Rochelle. Defendants P.O. George Rosenbergen and P.O. John/Jane Doe(s) are sued individually and in their official capacity.

4. The defendant, City of New Rochelle, is a municipal corporation within the State of New York, United States, and at all relevant times it employed defendants P.O. George Rosenbergen and P.O. John/Jane Doe(s).

5. The defendant, New Rochelle Police Department, is an agency of the defendant, City of New Rochelle, and at all relevant times it employed defendants P.O. George Rosenbergen and P.O. John/Jane Doe(s).

## FACTUAL ALLEGATIONS

6. On January 11, 2006, John Carello voluntarily entered the premises at 475 North Avenue, New Rochelle New York, known as the New Rochelle Police Department. Mr. Carello entered in order to speak with a supervising officer in connection with a traffic stop of Mr. Carello's automobile earlier on the same date by a New Rochelle police officer. Upon information and belief, this officer's name was/is P.O. Hudson. P.O. Hudson was in an unmarked car at the time of the stop. Mr. Carello felt the stop was improper, unjustified and menacing, and wanted to discuss this matter with the proper authorities.

7. In addition, Mr. Carello had placed a 911 emergency call during the stop, in fear of the menacing and harassing actions taken by P.O. Hudson. Although Mr. Carello reached the New Rochelle Police Department through 911 emergency, no police

personnel ever spoke to Mr. Carello. This, coupled with the actions of P.O. Hudson prompted Mr. Carello to seek assistance.

8. Upon arrival at the New Rochelle Police Department, Mr. Carello indicated to the desk officer that he wished to register a complaint. He was advised that defendant P.O. George Rosenbergen would interview him in a separate room.

9. Despite Mr. Carello's description of events as outlined in paragraphs 6 and 7, defendant Rosenbergen unilaterally decided Mr. Carello's complaint was without merit. Mr. Carello then asked to speak to a supervising officer. This request was met with hostility by defendant Rosenbergen and he left Mr. Carello. Mr. Carello returned to the lobby of the New Rochelle Police Department.

10. Mr. Carello then made repeated attempts to speak with another officer or supervisor. He remained in the lobby of the New Rochelle Police Department unassisted. Eventually, defendant Rosenbergen returned and Mr. Carello was taken back to the separate room.

11. After brief continued discussion, an enraged defendant Rosenbergen attacked Mr. Carello, grabbed him around the neck and pinned him against the wall of the interview room, unlawfully detaining him. Mr. Carello remained motionless and defenseless. Defendant Rosenbergen then pulled Mr. Carello by the neck and threw him back out into the lobby of the New Rochelle Police Department. Mr. Carello was able to gather himself and avoid smashing into the floor of the lobby. These physical actions were done without provocation and without the consent of Mr. Carello. These physical actions were not incident to an arrest.

12. On information and belief, defendants The City of New Rochelle and the New Rochelle Police Department authorized, tolerated, and ratified the misconduct of defendant Rosenbergen herein detailed by (a) failing to properly discipline, restrict and control employees; (b) failing to take adequate precautions in the hiring, training, retention and promotion of employees; (c) failing to forward to the District Attorneys Office of Westchester evidence in connection with criminal acts of employees; and failing to establish a meaningful departmental system for dealing with complaints of police misconduct; but instead responding to such complaints with denials and abuse of power calculated to mislead and which constitutes gross negligence under New York State Law.

13. As a result of the misconduct described above, plaintiff John Carello experienced humiliation, emotional distress, mental anguish, physical injuries, pain and suffering, incurred expenses, legal fees, and was otherwise damaged.

14. Said actions, conduct and behavior of defendant Rosenbergen were performed knowingly, intentionally and maliciously, by reason of which Mr. Carello is entitled to Punitive Damages in an amount to be determined at trial.

## FEDERAL CAUSES OF ACTION

15. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 14 as if more fully set forth herein.

16. The actions by the defendants herein described, directly and by authorization, condonation and ratification deprived Mr. Carello of rights secured to him by the Constitution of the United States, including but not limited to his First Amendment

right to freedom of expression, his Fourth Amendment right to be free from unlawful search and seizure of his person, his Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive use of force and his Eighth Amendment right to be free from cruel and unusual punishment.

17. The actions of the defendants described herein, directly and by authorization, condonation and ratification, deprived Mr. Carello of his rights secured to him pursuant to the Civil Rights Laws of the United States, 42 U.S.C. § 1983.

## NEW YORK STATE CAUSES OF ACTION

18. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 17 as if more fully set forth herein.

19. On or about April 6, 2006 the plaintiff caused a written verified Notice of Claim to be filed with and served on the defendants. On or about April 28, 2006 an examination pursuant to General Municipal Law Section 50-H was taken of John Carello.

20. The actions of the defendants described herein, directly and by authorization, condonation and ratification, violated the Human Rights Laws of the State of New York, constitute false imprisonment, assault and battery, prima facie tort, conspiracy tort, negligence and gross negligence under the laws of the State of New York.

**WHEREFORE, plaintiff John Carello** requests the following relief jointly and severally against all of the defendants:

A. Compensatory Damages in the amount of One Million Dollars ($1,000,000.00).
B. Punitive Damages in an amount to be determined at trial.
C. Attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and the Human Rights Law of the State of New York.
D. Such other, further and different relief as this court may deem appropriate.

Dated: February 27, 2007
White Plains, New York

_____
Matthew J. McGowan, Esq.
MCKENNA MCGOWAN LLP
Attorneys for Plaintiff
JOHN CARELLO
111 Church Street
White Plains, New York 10601
(914) 686-0500

MM 9198

## PLAINTIFF VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

I, John Carello, am the plaintiff herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and believe the same to be true to the best of my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I affirm that the foregoing statements are true under penalties of perjury.

The source of my information and knowledge are as I have witnessed them.

Dated:   February 27, 2007
         White Plains, New York

_____              _____
KENNETH NOHAVICKA                      John Carello
NOTARY PUBLIC, State of New York
No. 02NO6113593
Qualified in Westchester County
Term Expires August 2, 2008