WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels (PM-5018)
      Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JOHN CARELLO,                                                  :
                                                                  07 Civ. 2914 (CLB)(MDF)
        Plaintiff,                                            :

   -against-                                                  :
                                                                  **ANSWER**
THE CITY OF NEW ROCHELLE, THE NEW ROCHELLE               :
POLICE DEPARTMENT, P.O. GEORGE ROSENBERGEN,
AND P.O. JOHN/JANE DOES,                                       :

        Defendants.                                           :
-------------------------------------------------------------- x

Defendants the City of New Rochelle (s/h/a "The City of New Rochelle" and "The New Rochelle Police Department") and George Rosenbergen (collectively, the "Defendants"), by their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their answer and affirmative defenses to the complaint herein, allege as follows:

### NATURE OF THE ACTION

1. Deny the truth of any allegations contained in paragraph 1 of the complaint and respectfully refer all questions of law to the Court.

### THE PARTIES

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

1599631.1

3. Deny the truth of any allegations contained in paragraph 3 of the complaint, except admit that on January 11, 2006 George Rosenbergen (hereinafter, "Sgt. Rosenbergen") was employed the City of New Rochelle as a Sergeant in the New Rochelle Police Department, and respectfully refer all questions of law to the Court.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, except admit that the City of New Rochelle (hereinafter, the "City") is a municipal corporation organized under the laws of the state of New York, and that Sgt. Rosenbergen was employed by the City on January 11, 2006.

5. Deny the truth of any allegations contained in paragraph 5 of the complaint, and respectfully refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except admit that plaintiff John Carello ("Plaintiff") entered New Rochelle Police Headquarters, located at 475 North Avenue, New Rochelle, New York, on January 11, 2006.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. Deny the truth of the allegations contained in paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Deny the truth of the allegations contained in paragraph 11 of the complaint, except admit that plaintiff was not arrested and respectfully refer all questions of law to the Court.

12. Deny the truth of the allegations contained in paragraph 12 of the complaint.

13. Deny the truth of the allegations contained in paragraph 13 of the complaint.

14. Deny the truth of the allegations contained in paragraph 14 of the complaint.

## FEDERAL CAUSES OF ACTION

15. Repeat, reiterate and re-allege each and every response contained in paragraphs 1 through 14 as if fully set forth herein.

16. Deny the truth of the allegations contained in paragraph 16 of the complaint.

17. Deny the truth of the allegations contained in paragraph 17 of the complaint.

## NEW YORK STATE CAUSES OF ACTION

18. Repeat, reiterate and re-allege each and every response contained in paragraphs 1 through 17 as if fully set forth herein.

19. Deny the truth of the allegations contained in paragraph 19 of the complaint, except admit that an examination of Plaintiff pursuant to Section 50(h) of the New York General Municipal Law was taken on or about April 28, 2006.

20. Deny the truth of the allegations contained in paragraph 20 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. This Court lacks personal jurisdiction over Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. Plaintiff was not subjected to excessive force by Sergeant Rosenbergen or any other member of the New Rochelle Police Department.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff was not searched by or any member of the New Rochelle Police Department.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff was not arrested or otherwise placed in custody by any member of the New Rochelle Police Department.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

26. Sergeant Rosenbergen is protected from suit by the doctrine of qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

27. The complaint fails to allege sufficiently a municipal policy, custom or practice for purposes of liability under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFNSE

28. Upon information and belief, Plaintiff failed to serve a timely and sufficient notice of claim against the Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's state-law claims are barred by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFNSE

30. Any damages otherwise recoverable by Plaintiff should be diminished in the proportion to which Plaintiff's culpable conduct bears to the culpable conduct which caused Plaintiff's damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFNSE

31. The Plaintiff may not recover from the Defendants more than the Defendants' equitable share of Plaintiff's damages.

WHEREFORE, the Defendants demand judgment as follows: (a) dismissing the complaint with prejudice; (b) for the costs, disbursements and attorney's fees incurred in the defense of this action; and (c) for such other and further relief as the Court may deem just and proper.

Dated:  White Plains, New York
        June 29, 2007

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the City of New Rochelle
and George Rosenbergen

By: Peter A. Meisels (PM 5018)

3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
File No. 07367.00062

1599631.1