WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels (PM-5018)
     Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
JOHN CARELLO,                                     :

                                                                 07 Civ. 2914 (CLB)(MDF)
        Plaintiff,                          :

  -against-                                      :

THE CITY OF NEW ROCHELLE, THE NEW ROCHELLE   :
POLICE DEPARTMENT, P.O. GEORGE ROSENBERGEN,
AND P.O. JOHN/JANE DOES,                       :

        Defendants.                       :
------------------------------------------------------------------------- x


**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannet Drive
White Plains, NY 10604
(914) 323-7000

1846679.1

Defendants the City of New Rochelle (the "City") and Lieutenant George Rosenbergen ("Rosenbergen") (collectively, the "Defendants") respectfully submit this reply memorandum of law in further support of their motion for summary judgment.

**Preliminary Statement**

Plaintiff John Carello ("Carello") admits each statement in Defendants' Rule 56.1 Statement, and so there are no disputed issues of fact. Carello further admits that his claim is governed by the "shock the conscience" applied under the Fourteenth Amendment, not the "objective reasonableness" standard of the Fourth Amendment. Carello's opposition is premised entirely on the supposed legal proposition that in a non-custodial setting the use of *any* degree of force will satisfy the shock the conscience standard. Carello cites not a single case in support of this argument, and as a matter of law, it is simply wrong. Cases applying the Fourteenth Amendment clearly hold that the use of a *de minimis* degree of force in a non-custodial setting will not shock the conscience, and thus not give rise to a constitutional claim. Given the absence of any evidence of injury more serious than a scratch to Carello's neck for which no medical treatment was sought, no more than a *de minimis* degree of force was used in this case. Therefore, Carello cannot establish conduct giving rise to a constitutional claim and, based on the undisputed facts, Lieutenant Rosenbergen is entitled to qualified immunity.

**Argument**

### POINT I
### ROSENBERGEN DID NOT VIOLATE
### CLEARLY-ESTABLISHED LAW

Carello's entire opposition hangs on the proposition that the use of *any* degree of force by a police officer against a citizen in a non-custodial setting violates the Fourteenth Amendment. But none of the four cases cited in Carello's brief support that proposition, and in fact it is simply

1846679.1

incorrect. In *Hemphill v. Schott,* 141 F.3d 412 (2d Cir. 1998), the Second Circuit held that a Fourteenth Amendment claim is stated when a police officer aids and abets a private party in subjecting a citizen to unwarranted physical harm. *Id.* at 418-419. But the decision does not discuss the substantive elements of a Fourteenth Amendment claim nor does it hold that the use of any degree of force by a police officer violates the Fourteenth Amendment.

In *Rodriguez v. Phillips,* 66 F.3d 470, 477 (2d Cir. 1995), the Second Circuit recognized that a Fourteenth Amendment claim for excessive force survived the Supreme Court's 1989 decision in *Graham v. Connor,* 490 U.S. 386 (1989), but held that the continued existence of such right was not clearly-established in the years immediately following *Graham*. *Rodriguez,* 66 F.3d at 477. But again, the *Rodriguez* decision does not address the substantive elements of the Fourteenth Amendment claim, and does not hold that the Fourteenth Amendment is violated by the use of *any* degree of force.

*Johnson v. Glick,* 481 F.2d 1028 (2d Cir. 1973), is often cited for the non-exclusive list of factors that courts should consider in determining whether the shock the conscience standard under the Fourteenth Amendment has been met. But in discussing the Fourteenth Amendment standard, the Second Circuit made clear that "the constitutional protection is *nowhere nearly so extensive* as that afforded by the common law tort action of battery, which makes actionable any intentional and unpermitted contact with the plaintiff's person . . . ." *Id.* at 1034 (emphasis added). Clearly, *Johnson v. Glick* does not stand for the proposition, asserted by Carello, that *any* use of force in a non-custodial setting violates the Fourteenth Amendment.

Finally, *Hudson v. McMillan,* 503 U.S. 1 (1992), an Eighth Amendment case, held that the use of excessive physical force can constitute cruel and unusual punishment in violation of the Eighth Amendment even in the absence of "serious" injury. *Hudson* is inapplicable here for

a number of reasons. First, the injuries at issue in Hudson – bruises; swelling of the face, mouth and lip; loosened teeth; and a cracked dental plate – are in no way comparable to the scratch suffered by Carello. Second, citing *Johnson v. Glick,* the Supreme Court stated that "not . . . every malevolent touch by a prison guard gives rise to a constitutional violation. [Rather], [t]he Eighth Amendment's prohibition excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of the sort 'repugnant to the conscience of mankind.'" *Id.* at 10 (citation omitted). Accordingly, *Hudson* does not support Carello's argument that the use of *any* degree of force will violate the Fourteenth Amendment.

In fact, to the contrary, and as demonstrated in the Defendants' main memorandum of law, courts apply a *de minimis* standard to Fourteenth Amendment claims in non-custodial settings. *Tierney v. Davidson,* 133 F.3d 189, 199 (2d Cir. 1988); *Bove v. New York City,* 1999 U.S. Dist. LEXIS 12112 (S.D.N.Y. Aug. 6, 1999).

In *Bove,* the plaintiff alleged that he was beaten about his body by police officers using night sticks and shoes. *Bove,* 1999 U.S. Dist. LEXIS 12112, at *2. Following this alleged beating, the plaintiff admitted himself into a hospital where, after an extensive examination, he was diagnosed with a bruise. The court held that the bruise was *de minimis* as a matter of law, and insufficient to shock the court's conscience for purposes of a Fourteenth Amendment claim. *Id.* at *21. Just as a bruise was considered *de minimis* in *Bove,* Carello's scratch – the only injury for which there is any evidence here – is insufficient to establish a Fourteenth Amendment claim. Carello's half-hearted attempt to distinguish *Bove* on the basis that the police were responding to an ongoing domestic dispute simply fails. When the police arrived, the plaintiff was not present and there was no ongoing dispute. The alleged use of force occurred only when the plaintiff returned to the alleged victim's apartment after the police had already arrived. *Id.* at *2.

In the instant case, Carello admitted that the only physical injury resulting from the underlying incident is a scratch, for which he sought no medical attention. *See* Carello's Rule 56.1 Statement, at ¶¶40-44. Carello further admitted that he never sought nor received treatment for his alleged emotional injuries, other than checking himself into a clinic to seek help for a gambling addiction. *Id.* at ¶¶45-51. Under these circumstances, where the only injury allegedly caused by the underlying incident is a scratch, for which Carello sought no medical attention, the use of force is *de minimis* and does not give rise to a viable Fourteenth Amendment claim. *Bove, supra; see also Virella v. Pozzi,* 2006 U.S. Dist. LEXIS 67359 (S.D.N.Y. Sept. 20, 2006).

In *Virella,* the plaintiff was found to have suffered the very same injury at issue in this case; a minor scratch to the neck that required no medical intervention. *Virella,* 2006 U.S. Dist. LEXIS 67359, at *5. The Court held that such injury was *de minimis,* and did not give rise to a Fourteenth Amendment claim. *Id.* at *8-9. Where, as here, Carello suffered no more than a scratch on his neck for which he did not seek medical treatment, Carello's injuries are *de minimis* and cannot support a constitutional claim.

In the absence of a constitutional violation, Lieutenant Rosenbergen is entitled to qualified immunity from suit.

## POINT II
### THE CITY IS ENTITLED TO SUMMARY JUDGMENT

The City established in its main memorandum of law that it is entitled to summary judgment in the absence of an underlying constitutional violation, and in the absence of evidence demonstrating the existence of a municipal policy that caused Carello's alleged injuries. In opposition, Carello only argues that, since he has stated a constitutional claim against Lieutenant Rosenbergen, he has a viable claim against the City as well. As demonstrated above, however,

Carello cannot assert a constitutional claim against Rosenbergen. Any claims against the City must therefore fail.

### Conclusion

For the reasons set forth above, and in the Defendants' main memorandum of law, the Defendants' motion should be granted in its entirety.

Dated: White Plains, New York
       January 3, 2008

> WILSON, ELSER, MOSKOWITZ,
> EDELMAN & DICKER LLP
> Attorneys for the Defendants
>
> By: Lalit K. Loomba (LL-9755)
>
> 3 Gannett Drive
> White Plains, NY 10604
> (914) 323-7000
> File No. 07367.00062

- 5 -

1846679.1