1

```
 1
 2   UNITED STATES DISTRICT COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   07 Civ. 2914(CLB)(MDF)
     -------------------------------------x
 5   JOHN CARELLO,
 6                    Plaintiff,
 7
                  - against -
 8
 9   THE CITY OF NEW ROCHELLE, THE NEW
     ROCHELLE POLICE DEPARTMENT, P.O. GEORGE
10   ROSENBERGEN, AND P.O. JOHN/JANE DOES,
11                   Defendants.
     -------------------------------------x
12
                       October 18, 2007
13                     10:25 a.m.
14
15      DEPOSITION of Plaintiff, JOHN CARELLO,
16   taken by Defendants, pursuant to Order,
17   held at the offices of Wilson, Elser,
18   Moskowitz, Edelman & Dicker, LLP, 3
19   Gannett Drive, White Plains, New York,
20   before Reva Weiss, a Notary Public of the
21   State of New York.
22
23
24
25
```

```
                                                              2
 1

 2    A P P E A R A N C E S :

 3

 4    McKENNA McGOWAN LLP

 5    11 Church Street

 6    White Plains, New York 10601

 7         Attorneys for Plaintiff

 8

 9    BY: MATTHEW McGOWAN, ESQ.

10

11

12

13    WILSON, ELSER, MOSKOWITZ,

14    EDELMAN & DICKER, LLP

15    3 Gannett Drive

16    White Plains, New York 10604

17         Attorneys for Defendants

18

19    BY: LALIT K. LOOMBA, ESQ.

20

21

22    ALSO PRESTEN:

23         GEORGE ROSENBERGEN

24

25
```

```
                                                              3
 1
 2              S T I P U L A T I O N S
 3          IT IS HEREBY STIPULATED AND AGREED,
 4   by and among counsel for the respective
 5   parties hereto, that the filing, sealing
 6   and certification of the within
 7   deposition shall be and the same are
 8   hereby waived;
 9                  IT IS FURTHER STIPULATED AND
10   AGREED that all objections, except as to
11   form of the question, shall be reserved
12   to the time of the trial;
13                  IT IS FURTHER STIPULATED AND
14   AGREED that the within deposition may be
15   signed before any Notary Public with the
16   same force and effect as if signed and
17   sworn to before the Court.
18                  *       *       *
19
20
21
22
23
24
25
```

4

1
2   JOHN CARELLO,
3   having first been duly sworn by Reva
4   Weiss, a Notary Public within and for the
5   State of New York, testified as follows:
6   EXAMINATION BY
7   MR. LOOMBA:
8       Q    What is your name?
9       A    John Carello.
10      Q    Where do you reside?
11      A    39 High Street, Armonk, New
12  York 10504.
13      Q    Good morning, Mr. Carello. My
14  name Lalit Loomba. I'm an attorney
15  representing the defendants in this case.
16  We are here to take your deposition
17  concerning the underlying incident of
18  January 11, 2006.
19           Have you been in a deposition
20  before?
21      A    Yes.
22      Q    So you understand that you have
23  been placed under oath?
24      A    Yes.
25      Q    And that you are obligated by

```
                                                              46
 1                      CARELLO
 2      A      I drove away.
 3      Q      Where did you go?
 4      A      I went to the New Rochelle
 5 Police Department.
 6      Q      That would be just down the
 7 road on the left-hand side?
 8      A      That's correct.
 9      Q      Did you go there directly?
10      A      Yes.
11      Q      Did you make any calls on your
12 way over, telephone calls?
13      A      I don't recall.
14      Q      Where did you park?
15      A      I parked on North Avenue.
16      Q      And did you go inside the
17 headquarters?
18      A      Yes.
19      Q      What did you do?
20      A      I went to the front desk and
21 spoke to the person that was working
22 there that I would like to make a
23 complaint.
24      Q      Was that person an officer or a
25 civilian service officer?
```

VERITEXT/NEW YORK REPORTING COMPANY
212-267-6868                                        516-608-2400

```
                                                              64
 1                      CARELLO
 2       Q     So your weight was supported by
 3  your feet --
 4       A     Yes.
 5       Q     -- and your legs?
 6       A     Yes.
 7       Q     Is that right?
 8       A     Uh-huh.
 9       Q     Say "yes."
10       A     I said "yes".
11       Q     You said "uh-huh."  She can't
12  take that one down.
13             So you are standing up.  Is
14  Sergeant Rosenbergen still touching you
15  at that point?
16       A     Yes.
17       Q     Can you describe how he's
18  touching you?
19       A     All I know is he grabs me at
20  the back of my neck, from the front to
21  the back, and pulls me out of the room by
22  my neck and my jacket.
23       Q     Did you have anything on the
24  table before this happened, by the way?
25       A     I --
```

65

CARELLO

Q   For example, your wallet, car keys.

A   I had items with me, because I had to go back and get them.

Q   So when you went in the room the second time, you are saying, you put items on the table?

A   I don't recall if they were on a table or a chair in there, but I had items with me in the room.

Q   And you had removed them from your pockets?

A   They were never in my pocket.

Q   You carried them in there with your hand?

A   Yes.

Q   And then you placed them down?

A   Yes.

Q   Now, he moved you outside the room, is that is that your testimony?

A   Yes.

Q   This is outside of the interview room?

A   Outside of the interview room.

66

1                    CARELLO

2      Q     And you are now in that small
3  lobby area.  What happened there?
4      A     He made a comment, I'm done
5  with you or get out of here or something
6  along those lines.
7      Q     And did you respond?
8      A     Yes.
9      Q     What did you say?
10     A     I said can I at least have my
11 items that I have in the room.
12     Q     And what did he say?
13     A     He said yes.
14     Q     Then what happened?
15     A     I retrieved them.  I don't know
16 if I went back in the room and got them
17 or if they brought it out.  I don't
18 recall a hundred percent.
19     Q     What happened next?
20     A     I walked out of the building.
21     Q     When you got out of the
22 interview room, was there anybody else
23 there that might have seen --
24     A     There were --
25           MR. McGOWAN:  In the small

131

                    CARELLO

1
2  Exhibit D, please.
3           (Pause.)
4       A   Okay.
5       Q   Have you seen this document
6  before?
7       A   I don't recall it.
8       Q   In connection with the tickets
9  that you received on January 11, 2006,
10 did you plead guilty?
11      A   I plea bargained.
12      Q   When did that happen?
13      A   I don't know if this is the
14 date on here or not.  I can't recall the
15 date.
16      Q   Were you represented by an
17 attorney when you did that?
18      A   No.
19      Q   This indicates there was plea
20 on July 21, 2006.  Is that consistent
21 with your recollection of when you pled
22 guilty?
23          MR. McGOWAN:  When he reached a
24    plea.
25      A   It looks accurate.

132

1                    CARELLO
2       Q      And it says on this document
3   that you pled guilty to the speeding
4   ticket.  Is that right?
5       A      I believe I pleaded guilty to
6   the speeding ticket and it lists other
7   tickets.
8           MR. McGOWAN:  What's the date on
9       that?  July 21?
10          MR. LOOMBA:  2006.
11          MR. McGOWAN:  Thank you.
12      Q      Now, besides the $18,000 that's
13  the treatment cost at Harbour Pointe, are
14  there any other expenses that you claim
15  as damages in this case?
16          MR. McGOWAN:  Just so you know
17      what counsel means, he means
18      out-of-pocket expenses.
19          Is that correct?
20          MR. LOOMBA:  That's right.
21          MR. McGOWAN:  Money that came
22      out of your pocket.
23      A      I'm sure that there are, but
24  how much, I don't recall.
25      Q      Are you claiming any attorney's

141

## CERTIFICATION

I, Reva Weiss, a Notary Public within and for the state of New York, do hereby certify that the foregoing witness, JOHN CARELLO, was duly sworn on the date indicated, and that the foregoing is a true and accurate transcription of my stenographic notes.

I further certify that I am not employed by nor related to any party to this action.

*Reva Weiss*
REVA WEISS